RUSSELL CRAIG et al., Appellants, v. MAGGIE M. CRAIG et al., Appellees.

No. 43619.

NOVEMBER 17, 1936.

REHEARING DENIED MARCH 19, 1937.

O. M. Slaymaker and Marshall F. Camp, for appellees.

E. F. McEniry and Thos. E. Mullin, for appellants.

STIGER, J.—This is an action by the heirs of Ella B. Craig to set aside a deed to the homestead of the decedent to defendant, Maggie M. Craig, her sister-in-law, who had married a brother of the husband of Ella B. Craig. On this appeal, Maggie M. Craig is the sole defendant.

Ella B. Craig and the defendant had lived in Afton, Union county, Iowa, for many years, the defendant living a few blocks from the Ella B. Craig home.

On February 11, 1935, Ella B. Craig was taken ill with Amoebic dysentery, and the defendant immediately went to the home of her sister-in-law and cared for her until February 13th, on which date the defendant, Maggie M. Craig, called Florence Collett, a graduate nurse, who remained in sole charge of the patient until her death. After the nurse arrived, Maggie M. Craig stayed only one night at the Ella B. Craig home but each day would go over to the Ella Craig home and do the housekeeping. Ella B. Craig gradually became weaker physically and on February 19th the nurse called defendant by phone and told her that Ella was very weak. The defendant at once came to the Craig home and some time after her arrival there, she called Mr. Shute, an attorney, who was well acquainted with Ella B. Craig and told him Ella B. Craig wanted him to come down and make some papers. The attorney prepared a deed which conveyed the homestead property to the defendant, Maggie M. Craig, but reserved the possession of the property to the grantor until her death. The consideration recited in the deed was love and affection. This deed was duly executed and delivered by Ella B. Craig on the 19th day of February in the presence of defendant and Mr. Shute and on the same day she made her last will and testament which was prepared by her attorney, Mr. Shute. The testator gave some small bequests to her granddaughters and to her daughter Ethel Miller to whom she had made a prior substantial advancement, and devised her real estate and residuary personalty to her son, Russell Craig, and daughter, Vera M. Hausfeld, in equal shares.

Mrs. Craig continued to fail and on February 23, 1935, she was taken to the hospital where she died the following day.

The plaintiffs brought this suit to set aside the deeds on two counts: (1) the grantor was incompetent to execute the deed, (2) the grantor was induced to execute and deliver the deed because of undue influence exercised over her by the defendant, Maggie Craig.

The trial court found for the defendant and quieted the title to the property conveyed by the deed in the defendant, Maggie M. Craig. The plaintiffs appeal.

There is no evidence in the record that Ella B. Craig was of unsound mind and the fact is that her mind was in no way impaired until the day before she passed away. The only issue here is the question of undue influence. None of the children of

Ella B. Craig lived in Afton. Russell Craig lived in Montana and the only time he saw his mother for 18 years preceding her death was when she visited him in Montana at the time of his illness in 1928. Mrs. Hausfeld lived in Washington. The daughter, Ethel Miller, lived in Union county and did not go to see her mother until December 20. She gave her mother no personal care for the reason that she was the mother of two children and was afraid of contracting the disease.

It should be stated here that the record shows that there was no trouble between Ella B. Craig and her children at any time.

The plaintiffs' evidence was insufficient to establish undue influence and the error relied on by plaintiffs is that there was a fiduciary relationship existing between Ella B. Craig and Maggie M. Craig and consequently the burden was upon the defendant to establish the *bona fides* of the transaction.

The plaintiffs rely on the case of Ennor v. Hinsch, 219 Iowa 1076, 260 N. W. 26, which thoroughly discusses the question of confidential relationship and burden of proof in this type of case and collates our leading cases on the subject.

The Ennor case was a suit to set aside a conveyance of real estate from a father to his son. The deed transferred all of the father's property and left him to the mercy of his son and daughter-in-law for his support. The son and daughter-in-law had acquired absolute dominion and control over the father and in the exercise of this control they obtained the deed. The court recognizes the rule that no presumption of a fiduciary relationship arises from the fact of kinship. In this case there was no blood relationship between grantor and grantee. Ella B. Craig was a positive, independent woman who retained her full mental powers until the day before her death and, so far as disclosed by the record, took care of her own affairs and looked after her own property free from the advice or opinion of any person.

At the time of her death, Mrs. Craig owned 320 acres of land, a mortgage on an Afton town property, $2,200 in postal savings certificates, a deposit in a Creston bank, of several hundred dollars, an adjusted compensation certificate on the life of her son in the sum of $1,000 and some notes, all of which property she retained possession of until her death.

The dwelling house deeded to her sister-in-law and friend

was not worth more than $1,000 and she retained the right of possession until her death.

When Mrs. Craig became ill the defendant went at once to care for her. After the nurse came she immediately relinquished the personal care of the patient to the nurse and returned to her home and would go back to the Craig home and do the housework. Ella B. Craig arranged that the nurse order the things that were needed and Maggie would pay for them.

The day the deed was made Maggie came to the Craig home at the call of the nurse. There is not the slightest evidence that the defendant exercised any dominion or control over Ella B. Craig in any manner relative to the execution and delivery of the deed.

There is nothing to indicate that Ella B. Craig was accustomed to rely upon the advice or suggestions of Maggie M. Craig or ever did rely upon them. The defendant went to the home of her sister-in-law as the good Samaritan and not to defraud her of her property.

On the day the deed was executed, Ella B. Craig's papers were in her control and possession. Some time thereafter, defendant took possession of the papers and placed them in a safety deposit box belonging to her and her husband. We are not told when this was done, nor under what circumstances. Immediately upon the appointment of a special administrator he was advised by the defendant's husband of the location of the papers and they were promptly delivered to the administrator. We attach no significance to this testimony.

In the case of Utterback v. Hollingsworth, 208 Iowa 300, 302, 225 N. W. 419, 421, we stated in reference to the doctrine of confidential relationship that "it is a prerequisite to the application of the doctrine that faith and confidence be reposed; that the repository shall be thereby in a position of superiority or dominance, while the *cestui* is in a corresponding position of inferiority or subservience."

There is no evidence of trust and confidence having been reposed in the defendant by Mrs. Craig.

Palpably, the facts of this case do not come within the doctrine of Ennor v. Hinsch, supra, and Cutris v. Armagast, 158 Iowa 507, 138 N. W. 873.

We hold there was no confidential relationship existing between Ella B. Craig and Maggie M. Craig at the time the deed was executed and the burden of proof at all times remained on

the plaintiffs to show undue influence by clear, satisfactory and convincing evidence.

They failed to sustain this burden. See generally on this subject, Arndt v. Lapel, 214 Iowa 594, 243 N. W. 605; Stonewall v. Davidson, 204 Iowa 1367, 217 N. W. 456; Osborn v. Fry, 202 Iowa 129, 209 N. W. 303; Bradley v. Bradley, 185 Iowa 1272, 171 N. W. 729.

Ella B. Craig retained possession and control of all of her property until her death. There is no evidence that she was under the dominion and control of the defendant. The attorney, nurse and the family physician were all in the employ of the decedent and were not employed by the defendant.

So far as shown by the record, the deed was executed without any previous knowledge on the part of the defendant of the intention of Mrs. Craig to convey the property to her and without solicitation on her part.

The defendant's evidence clearly discloses that no undue influence was exercised on the grantor to induce the execution and delivery of the deed, and that she desired to give the dwelling house to the defendant.

The trial court was right and the judgment appealed from is affirmed.—Affirmed.

PARSONS, C. J., and KINTZINGER, ANDERSON, HAMILTON, DONEGAN, RICHARDS, and MITCHELL, JJ., concur.